UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JACOB DE LA TORRE and ZALEEYA DE LA TORRE, individually and as decedent Juan De La Torre's successors in interest, minors by and through *Guardian Ad Litem*, VIVICA GONZALEZ; VIVICA GONZALEZ, an individual, and GRACIELA ARELLANO, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>SWIFT TRANSPORTATION COMPANY, a publicly traded Delaware corporation; SWIFT TRANSPORTATION SERVICES, LLC, a Delaware Limited Liability Company; SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware Limited Liability Company; INTERSTATE EQUIPMENT LEASING, LLC, a Delaware Limited Liability Company; EDWARD GREER, JR., an individual; SWIFT LEASING CO., LLC (DOE NO. 1); FIERRO TRUCKING II, LLC (DOE NO. 2), and DOES 3 through 50, inclusive,<br><br>    Defendants. | No. 2:13-cv-01786-GEB-DAD<br><br>**ORDER GRANTING PLAINTIFFS LEAVE TO FILE A THIRD AMENDED COMPLAINT** |

Plaintiffs seek leave under Federal Rule of Civil Procedure ("Rule") 15(a)(2), inter alia, to file and serve the Third Amended Complaint attached to their motion. Specifically,

1

Plaintiffs seek to "add Jose Angel Martinez as a Defendant in this matter, and . . . additional allegations regarding the relationship between the parties." (Pls.' Mot. to Amend Second Am. Compl. 2:13-16, ECF No. 17.) Plaintiffs assert Mr. Martinez "is the owner, operator, and/or sole member of Defendant Fierro Trucking II, LLC," which is already a party in this action. (Id. 3:7-9.) Plaintiffs also argue that Mr. Martinez had supervisory responsibility over the operator of the tractor-trailer involved in the collision that caused Plaintiffs' damages. (Id. 3:9-10.)

Defendants oppose the motion with conclusory arguments, contending that Plaintiffs unduly delayed seeking amendment because they "have known about [Mr. Martinez] since the outset of the litigation," and the amendment sought is "futile" because "Fierro Trucking II, LLC," the company Plaintiffs argue Mr. Martinez owns, "is already a named defendant in this action." (Defs.' Opp'n to Mot. for Leave to Amend 3:11-12, 3:16-17 ECF No. 22.)

Rule 15(a)(2) prescribes: "[t]he court should freely grant leave [to amend a pleading] when justice so requires." "This [amendment] policy is to be applied with extreme liberality." C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)). "District courts generally consider four factors in determining whether to deny a motion to amend: 'bad faith, undue delay, prejudice to the opposing party, and the futility of amendment.'" In re Korean Air Lines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 1994)(quoting and citing Kaplan v. Rose, 49 F.3d 1363,

2

1370 (9th Cir. 1994)). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013)(citing and quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants' conclusory arguments regarding undue delay and futility are devoid of evidence sufficient to justify denying Plaintiffs' motion.

Therefore, Plaintiffs' motion is GRANTED, and Plaintiffs have five (5) days leave from the date on which this Order is filed to file the Third Amended Complaint attached to their motion.

Dated:   November 13, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3