UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.D.L.T and Z.D.L.T., individually and as decedent Juan De La Torre's successors in interest, minors by and through their Guardian Ad Litem, VIVICA GONZALEZ; VIVICA GONZALEZ, an individual; and GRACIELA ARELLANO, an individual,<br><br>          Plaintiffs,<br><br>     v.<br><br>SWIFT TRANSPORTATION COMPANY, a publicly traded Delaware corporation; SWIFT TRANSPORTATION SERVICES, LLC, a Delaware Limited Company; SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware Limited Liability Company; INTERSTATE EQUIPMENT LEASING, LLC, a Delaware Limited Liability Company; EDWARD GREER, JR., an individual; SWIFT LEASING CO., LLC (DOE No. 1); FIERRO TRUCKING II, LLC (DOE No. 2); and JOSE ANGEL MARTINEZ (DOE No. 3),<br><br>          Defendants. | No. 2:13-cv-1786-GEB-DAD<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING ON REQUEST FOR AN ORDER APPROVING SETTLEMENT OF EACH MINOR'S CLAIMS** |

1

The minor Plaintiffs, through their guardian ad litem and mother Vivica Gonzalez, seek approval of a compromise settling their claims against the Defendants.[1] Gonzales was appointed as each minor's guardian ad litem in the California state court.

However, a supplemental filing is ordered on the following issues.

The movants shall address the applicability of Local Rule 202(b)(1), which states in relevant part: "In actions in which the minor. . . is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative."

The movants shall address all components of Local Rule 202(c), which states: "When the minor. . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney become involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and, whether the attorney has received or expects to receive any compensation, from whom, and the amount."

Since the movants indicate that approval of the

---

[1] The movants failed to comply with Federal Rule of Civil Procedure 5.2(a)(3), which states in relevant part: "Unless the court orders otherwise, . . . filing[s] with the court that contain. . . the name of an individual known to be a minor. . . shall include only. . . the minor's initials." Further filings shall comply with this rule.

1  proposed settlement resolves this federal lawsuit, the issue is
2  raised sua sponte whether all issues involving the administration
3  of each trust under the California Probate Code should be
4  remanded to the state court. See generally United Mine Workers of
5  Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of
6  state law should be avoided both as a matter of comity and to
7  promote justice between the parties, by procuring for them a
8  surer-footed reading of applicable law."); Guerrero v. Brentwood
9  Union Sch. Dist., No. C 13-03873 LB, 2014 WL 1351208, at *5 (N.D.
10 Cal. Apr. 4, 2014) ("Venue for on-going oversight of the special
11 needs trusts established by this order shall be with the . . .
12 County Superior Court, and the trustees of the trusts shall file
13 an account and report with that Court in the manner and frequency
14 called for by California Probate Code.").

15         Further, the movants have not included in their
16 application information that Robidoux v. Rosengren, 638 F.3d
17 1177, 1181 (9th Cir. 2011) indicates should be addressed;
18 specifically the application does not sufficiently address why
19 the movants opine that the "net amount distributed to each minor
20 plaintiff in the settlement is fair and reasonable, in light of
21 the facts of the case, [each] minor's specific claim, and
22 recovery in similar cases."

23         Lastly, the movants filing shall include the proposed
24 order they desire the federal court to sign in response to their
25 application.

26         The referenced supplemental briefing and proposed order
27 shall be filed as soon as feasible, but no later than February
28 16, 2015; any response shall be filed no later than three court

days after the supplemental brief is filed; a hearing on the matter is scheduled to commence at 9:00 a.m. on March 2, 2015.

Dated:  January 29, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge