UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.D. and Z.D., individually and as decedent Juan De La Torre's successors in interest, minors by and through their Guardian Ad Litem, VIVICA GONZALEZ; VIVICA GONZALEZ, an individual; and GRACIELA ARELLANO, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION COMPANY, a publicly traded Delaware corporation; SWIFT TRANSPORTATION SERVICES, LLC, a Delaware Limited Company; SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware Limited Liability Company; INTERSTATE EQUIPMENT LEASING, LLC, a Delaware Limited Liability Company; EDWARD GREER, JR., an individual; SWIFT LEASING CO., LLC (DOE No. 1); FIERRO TRUCKING II, LLC (DOE No. 2); and JOSE ANGEL MARTINEZ (DOE No. 3),<br><br>Defendants. | No. 2:13-CV-1786-GEB-DAD<br><br>**ORDER GRANTING EACH MINOR PLAINTIFF'S APPLICATION FOR COMPROMSE OF DISPUTED CLAIMS, REMANDING THE MATTERS INVOLVING MINORS AND SETTLEMENT TRUSTS, AND CLOSING FEDERAL ACTION** |

Plaintiffs J.D. and Z.D., through their mother and guardian ad litem Vivica Gonzalez; Vivica Gonzalez; and Graciela

1

Arellano seek unopposed approval of a compromise settling their claims against all Defendants. (Appl. for Compromise of Disputed Claims by Minor Pls. ("Application"), ECF No. 59.) Gonzalez was appointed guardian ad litem by the Superior Court of California, in the County of San Joaquin, where the action was filed as No. 39-2013-00296353-CU-PO-STK; Defendants removed that case to federal court under 28 U.S.C. §§ 1332, 1441.

Plaintiffs allege Defendants contributed to the wrongful death of Juan De La Torre, the father of J.D. and Z.D., who was killed after his passenger vehicle collided with a tractor-trailer driven by Defendant Geer. The proposed settlement awards J.D. and Z.D. each $1,100,000, with a net settlement of $599,399 for J.D. and $599,400 for Z.D. after attorneys' fees and costs are reduced from the referenced gross settlement amounts. (Decl. Shea ISO Pls.' Application ("Shea Decl.") Ex. 3, ECF No. 64-4 (state court order regarding J.D.); Shea Decl. Ex. 4, ECF No. 64-5 (state court order regarding Z.D.).)

The referenced settlements were approved by the state court from which this case was removed, as required by Local Rule 202(b)(1), which prescribes:

> In actions in which the minor . . . is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative. Following such approval, a copy of the order and all supporting and opposing documents filed in connection therewith shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without

2

hearing or calendar the matter for hearing.

The state court approved J.D.'s and Z.D.'s compromises on April 21, 2015. (Shea Decl. Exs. 3-4.) I concur in the approval of the settlements. The remaining issue is whether the federal court or state court should exercise jurisdiction over the two trusts created by approval of the settlements.

Each trust will be remanded to the state court from which this lawsuit was removed, since the trusts are established by this order and "both as a matter of comity and to promote justice [for J.D. and Z.D.]," all matters involving J.D. and Z.D. and the administration of each trust should be handled by the state court from which the state case was removed. <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966). Each trust includes language concerning the administration of the trusts. Z.D.'s trust states in part that "[w]hen required by the Court or application of the California Probate Code, the Trustee shall file a periodic Account and Report in compliance with the procedures and schedule set forth in the California Probate Code. (Shea Decl. Ex. 4, Ex. 1 p. 7-1.) J.D.'s trust states in part that "[u]nless waived by the Court, the Trustee shall file a periodic Account and Report for court approval in compliance with the procedures and schedule set forth in the California Probate Code." (Shea Decl. Ex. 3, Ex. 1 p.8.)

For the stated reasons, the referenced matters and trusts are remanded to the Superior Court of California, San Joaquin County, where the action was filed as No. 39-2013-00296353-CU-PO-STK.

1    The federal Clerk of Court shall close this federal
2 action.
3 Dated: April 30, 2015

*[signature]*
GARLAND E. BURRELL, JR.
Senior United States District Judge